## CHICAGO & EASTERN ILLINOIS RAILROAD COMPANY
### v.
## A. H. GERNAND.

*Railroads—Action to Recover Damages for Killing Horses—Review of Evidence—Practice—Discretion.*

1. In an action against a railroad company to recover damages for the killing of four horses, in which the question involved is, whether the injury was caused by the defective condition of a·gate at a farm crossing, this court, upon a review of the evidence, sustains a verdict for the plaintiff.

2. The fact that the trial court permitted the plaintiff and another witness to be recalled, after the defendant had rested, to testify as to the condition of the gate, on the Saturday before the trial, is not a sufficient ground for a reversal, the evidence not being especially harmful and the time of its introduction being within the discretion of the court.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Vermilion County; the Hon. J. W. WILKINS, Judge, presiding.

Statement of the case by CONGER, J. This was an action on the case for damages which the appellee claims to have sustained

C. & E. I. R. R. Co. v. Gernand.

by the killing of four horses. During the night preceding the 8th of August, 1884, the four horses in question belonging to the appellee, owing to some defect in the fence surrounding the premises in which they were pasturing, got out into the public road, went east about a quarter of a mile along said public road and beyond the place where the railroad crossed the same, where they, by some means, got into the inclosed·premises of George Evans lying east of the railroad track, and immediately west of said highway; which was, and had been, used that summer for the purpose of raising grain, hay, etc., but in which no stock was then kept. After getting into this inclosure the horses seem to have passed in a southwest direction until they found their way to a farm crossing wholly within the inclosed premises of said Evans, and passing through the gate on the east side of said crossing, they succeeded in getting upon the railroad company's right of way where they were killed by a train going north, about one o'clock in the morning.

The declaration counts upon the statutory liability of the appellant for failing to properly fence its tracks, and also upon the common law liability on account of negligence in the manner of running its trains.

Plea of general issue; trial by jury, verdict and judgment for the plaintiff, for $600, from which defendant appeals.

Mr. WILLIAM ARMSTRONG, for appellant.

It was absolutely essential, in order to entitle the plaintiff to a verdict, that he should prove a state of facts which would render the defendant liable under the statute for failing to erect or maintain a suitable fence and gate·at the farm crossing in question and that the failure so to do was the proximate cause of the horses getting upon the track; or that the defendant's agents were guilty of negligence in the manner of running of the train after they had discovered the horses upon the track.

Where there is evidence of contributory negligence it is error to instruct the jury that if they found the fence was defective the company was liable. C., B. & Q. R. R. Co. v. Seirer, 60 Ill. 295.

The law of this State does not require railroad companies to

fence their track against breachy horses. All that is required is that they shall fence against stock that ordinarily come in contact with their fences. The word breachy hardly admits of comparison and a breachy animal is not one against which railroads are required to fence.

Mr. G. W. SALMANS, for appellee.

CONGER, J. The controversy in this case is one purely of fact, whether the appellant was liable for the injury caused to the horses of appellee or not, by reason of the defective condition of the gate at the farm crossing through which the horses passed and which gate it was the duty of appellant to keep in suitable repair.

We have carefully examined the evidence and think the jury were fully warranted in finding that the gate was in such a defective condition as would make appellant liable, and that according to every reasonable probability, because of such defect, the horses themselves pushed it open and thus got upon the track and were killed.

Objection is made that the court erred after appellant had rested its case, in permitting the appellee and another witness to be recalled by appellee and testify what the condition of the north gate was on the Saturday before the trial.

We can not see that the matter of this evidence could do any great harm, and as to the time when it was offered, it was discretionary with the court trying the case.

Neither do we regard the instructions as subject to the criticisms made upon them.

We are satisfied with the verdict of the jury and think it was sustained by the evidence. The judgment will be affirmed.

*Judgment affirmed.*

NOTE.—A petition for a rehearing in this case was denied.